UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JAMES WRIGHT, | ) No. CV 04-06777-VBK |
| Plaintiff, | ) MEMORANDUM OPINION, AND ORDER ) THEREON |
| v. | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) |

Plaintiff, James Wright ("Plaintiff"), by and through his counsel, filed this action pursuant to 42 U.S.C. §405(g), seeking review of the denial of the Commissioner of Social Security ("Commissioner") of his application for Supplemental Security Income ("SSI") under the provisions of Title XVI of the Social Security Act ("Act").

Plaintiff filed his Complaint on August 17, 2004. The Commissioner's Answer and Certified Administrative Record ("AR") were filed on January 5, 2005. The Court approved a stipulation and proposed order granting an extension for Plaintiff to file his Motion for Summary Judgment ("Motion"). On March 11, 2005, Plaintiff's

Motion was filed. The Commissioner's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ("Cross-Motion") was filed on May 9, 2005. Thereafter, on June 3, 2005, Plaintiff filed his Reply ("Reply").

The parties have consented to proceed before Magistrate Judge Victor B. Kenton, pursuant to 28 U.S.C. §636. This Memorandum Opinion shall constitute the Court's findings of facts and conclusions of law.

## I

## BACKGROUND

Plaintiff filed his application for SSI on September 19, 2001. (AR 17, 44-49.) Plaintiff's application was denied administratively (AR 28-31) and on reconsideration (AR 34-37) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ")(AR 39), which was held in Lancaster, California on October 2, 2003. (AR 156-170.) At that hearing, Plaintiff was represented by counsel, and Plaintiff testified. In addition, testimony was taken from Danny Wright, Plaintiff's grandfather, and from Ruth Arnush, a vocational expert ("VE"). In issuing his decision, the ALJ also considered psychological records from different sources. (AR 18.) An unfavorable decision was issued by the ALJ on November 12, 2003. (AR 17-20A.) Plaintiff's counsel requested review by the Appeals Council. The Appeals Council denied review (AR 4-8), thus rendering the ALJ's decision the final decision of the Commissioner. Plaintiff then requested this judicial review under 42 U.S.C. §405(g).

In his Motion, Plaintiff raises the following issues:

1. The ALJ failed to provide a complete hypothetical to the vocational expert;

    2.    The ALJ failed to provide clear and convincing reasons to reject the subjective symptom testimony of Plaintiff;

    3.    The ALJ failed to offer any reason to reject the lay witness testimony of Danny Wright.

## II

### DISCUSSION

The Court, pursuant to 42 U.S.C. §405(g), has the authority to review the Commissioner's decision denying Plaintiff's disability benefits to determine whether her findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching her decision. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).

A claimant is "disabled" for the purpose of receiving benefits under the Social Security Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A); 20 CFR §§404.1505(a), 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed by the ALJ in a disability case. 20 C.F.R. §§404.1520, 416.920. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity; if so, a finding of nondisability is

3

made and the claim is denied. 20 C.F.R. §§404.1520(b), 416.920(b). If the claimant is not currently engaged in substantial gainful activity, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities; if not, a finding of nondisability is made and the claim is denied. 20 C.F.R. §§404.1520(c), (416.920(c). If the claimant has a severe impairment, in the **Third Step**, the ALJ must compare the impairment to those impairments in the Listing of Impairments ("Listing"), 20 C.F.R. §404, Subpart P, App. 1; if the impairment meets or equals an impairment in the Listing, disability is conclusively presumed and benefits are awarded. 20 C.F.R. §404.1520(d), 416.920(d). When the claimant's impairment does not meet or equal an impairment in the Listing, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. §§404.1520(e), 416.920(e). When the claimant shows an inability to perform past relevant work, a prima facie case of disability is established and, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§404.1520(f), 416.920(f).

Following this sequential evaluation process, at Step One, the ALJ determined that Plaintiff has not engaged in substantial gainful activity at any material time. (AR 20, Finding 1.) At Step Two, the ALJ found that Plaintiff's minimal severe mental impairment is a severe impairment, based upon the requirements in 20 CFR § 416.921 (Id., Finding 2), but at Step Three, found that these impairments do

4

not meet or equal a Listing. (AR 20A, Finding 3.)  At Step Three, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), but at Step Four found Plaintiff has no past relevant work. (Id., Finding 7.) At Step Five, the ALJ identified other work which Plaintiff can perform (Id., Finding 10), thus determining that Plaintiff is not under a disability. (Id., Finding 11.)

### III

### THE ALJ PROVIDED AN APPROPRIATE HYPOTHETICAL TO THE VE
### GIVEN THE WEIGHT OF THE PSYCHOLOGICAL EVIDENCE

Plaintiff's first argument is that the ALJ failed to provide a complete hypothetical to the VE. (Motion at 4.)  Plaintiff principally asserts that the ALJ misstated the conclusion of the consultative psychological examiner ("CE") Dr. Roman.  Plaintiff asserts that in the second hypothetical the ALJ presented to the VE, the ALJ stated that "it does not appear that [Plaintiff] would be able to deal effectively with the usual[] stresses encountered in <u>highly competitive work</u>.  He would probably be best not to be involved in situations where there would be quotas or, or high expectations and -- or high stressors."  (AR 166, emphasis added).  Dr. Roman stated that "It does not appear Mr. Wright would be able to deal effectively with the usual stresses encountered in competitive work."  (AR 133.)  Dr. Roman did not discuss Plaintiff's ability to cope with the stresses of *highly* competitive work.

**A.   Summary Of Evidence.**

Plaintiff received a psychiatric CE on March 27, 2002 from Dr. Roman. (AR 128-34), who diagnosed Plaintiff as having an extremely low

5

to borderline memory, as well as a borderline to low average intellectual profile. (AR 132-33.) His diagnosis as to Plaintiff's functional ability was as follows:

> "[Plaintiff's] ability to perform simple and repetitive tasks appears adequate. His ability to perform detailed and complex tasks may be slightly impaired. He would be able to maintain regular attendance in the workplace. He would be able to perform work activities on a consistent basis. It does not appear he would require special or additional supervision to perform work activities. [Plaintiff's] ability to complete a normal workday or workweek without interruptions resulting from psychologically based symptoms does not appear impaired. It appears he would be able to accept instructions from supervisors. His ability to interact appropriately with coworkers and the public appears slightly limited . . . It does not appear [Plaintiff] would be able to deal effectively with the usual stresses encountered in competitive work."

(AR 133.)

Dr. Luu reviewed Dr. Roman's examination report on September 9, 2002 and offered consistent conclusions. (AR 135-37.) Dr. Luu found that Plaintiff was moderately limited in his ability to understand, remember and carry out detailed instructions. (AR 136.) Otherwise, Dr. Luu found that Plaintiff was not significantly limited in his understanding and memory as well as his sustained concentration and persistence. (Id.) Dr. Luu concluded that Plaintiff is capable of understanding and carrying out simple instructions, capable of

6

maintaining adequate concentration and attention, able to adapt to simple work tasks and able to interact with the general public. (AR 137.)

The ALJ also considered a psychological examination performed by Dr. Larry Gaines on July 25, 2001. (AR 18-19, 101-105.) Dr. Gaines reported that Plaintiff functions at the borderline to low-average range of intellectual, verbal and nonverbal abilities. (AR 102.) He also stated that Plaintiff's psychological tests suggested "learning potential and the ability to handle abstract verbal and nonverbal concepts." (AR 102.)

Additionally, a Mental Residual Functional Capacity Assessment dated December 27, 2001 was filed by Dr. Khong, the State Agency medical consultant. (AR 109-127.) Dr. Khong found that Plaintiff suffers from an organic mental learning disorder, but that he is not mentally retarded. (AR 112-13, 127.) Dr. Khong concluded that Plaintiff "would be trainable if he were motivated to hold a job... [and is] capable of SRW [simple repetitive work] with training." (AR 127.)

The Court notes that the first hypothetical offered to the VE provided a sufficient basis to conclude at Step Five that Plaintiff is capable of performing available work. In the first hypothetical, the ALJ stated that:

> "The hypothetical person has an eighth grade education and is 25 years old, much as claimant, he has no work history and he has no exertional limitations at all, but mentally he does have some limitations. He is capable of understanding and carrying out simple instructions, but probably not more than detailed, certainly not complex. He

is capable of maintaining adequate concentration. He can adapt to simple work tasks and he's able to interact okay with coworkers, supervisors and even the general public." (AR 165.)

The VE stated that this hypothetical claimant would be capable of performing work as a vehicle cleaner or icer. (Id.) The first hypothetical sufficiently and adequately summarized Plaintiff's limitations; the ALJ was not obligated to present a second hypothetical, nor was the ALJ obligated to rely on both hypotheticals in making his ruling. Assuming, arguendo, that the second hypothetical was improperly phrased (e.g., including a limitation from highly competitive work), the ALJ was nevertheless justified in his decision based solely on the first hypothetical, which adequately reflected Plaintiff's RFC.

Furthermore, the ALJ was not bound to accept all of Dr. Roman's conclusions. Rather, the ALJ was obligated to make a reasonable evaluation of the psychological evidence as a whole. Dr. Roman's functional capacity assessment concludes that Plaintiff is capable of performing simple tasks, and that he suffers limited deficiencies in his capacity to interact with coworkers. (AR 133.) The final sentence of Dr. Roman's report, in which he states that Plaintiff appears incapable of dealing with the usual stresses encountered in competitive work, appears somewhat anomalous in context with the rest of the assessment. (Id.) That conclusion is also unsupported by the other psychological evidence before the ALJ. After reviewing Dr. Roman's examination report, Dr. Luu concluded that Plaintiff is capable of understanding simple instructions, performing simple tasks,

8

and interacting with the general public.  (AR 137.)  Both Dr. Gaines and Dr. Khong concluded that Plaintiff can work with proper training.  (AR 104, 127.)

For these reasons, the Court finds that the first hypothetical question posed to the VE appropriately incorporated Plaintiff's RFC as support by the weight of the evidence.  Plaintiff's first claim is **DENIED**.

## IV

### THE ALJ PROPERLY EVALUATED PLAINTIFF'S TESTIMONY, AS WELL AS THE TESTIMONY OF DANNY WRIGHT

Plaintiff's second and third arguments are that the ALJ failed to provide sufficient reasons to reject the subjective symptom testimony offered by Plaintiff, and the testimony of his grandfather, Danny Wright.  Plaintiff argues that "[Plaintiff] testified that he cannot cook, cannot count change, does not shop alone, and cannot manage his own money. [Plaintiff] testified that he needs reminding for basic grooming such as bathing, and washing his clothes."  (Motion at p. 7.)  Plaintiff further contends that the ALJ "failed to provide any reason to reject the subjective symptom testimony of [Plaintiff]," and that consequently Plaintiff's testimony regarding his subjective symptoms must be credited as true.  (Id. at 7-8.)  Similarly, Plaintiff argues that the ALJ "failed to articulate *any* reason for rejecting the lay witness testimony" of Danny Wright.  (Id. at 9.)  On this ground, Plaintiff also contends that Danny Wright's testimony must be credited as true.  (Id. at 11.)

Both Plaintiff and Danny Wright testified.  During his testimony, Plaintiff stated that he is illiterate, cannot pay his own bills, and

needs his grandfather to remind him to do chores. (AR 158-64.) Plaintiff also stated that he can perform "a little bit" of addition and subtraction. (Id. at 162.) Plaintiff was unable to calculate the change he would receive from using two dollars to purchase a bag of chips costing $1.65. (Id. at 162-63.) Danny Wright, Plaintiff's grandfather, testified that he has to remind Plaintiff to perform his chores and to bathe, and also that Plaintiff cannot purchase his own groceries or count change. (Id. at 167-70.)

In his decision, the ALJ noted Plaintiff's statements regarding his subjective symptoms. (Id. at 19.) The ALJ stated that "[Plaintiff] appeared to be slow, but far from disabled... [Plaintiff] needs to be reminded of his duties to water the 15 peach trees and the garden as well as mowing the lawn." (Id.) The ALJ further noted that Danny Wright stated that Plaintiff needed reminding to bathe, that Plaintiff cannot buy his own groceries, and that Plaintiff gets help from Danny Wright for transportation and handling money. (Id.)

The Court first finds that the psychological and other records relied upon by the ALJ sufficiently dealt with Plaintiff's purported need for reminders to fulfill his daily chores as well as his inability to count change. In his report, Dr. Roman wrote, "[Plaintiff] has trouble concentrating and difficulty making decisions. He has trouble with his memory." (AR 128.) Dr. Roman further characterized Plaintiff's memory as falling between extremely low to borderline classification ranges. (Id. at 130.) Dr. Roman also indicated that "[Plaintiff] is unable to pay his own bills or handle his own money." (Id.) However, after taking these limitations into consideration, Dr. Roman nevertheless concluded that Plaintiff can perform work activities on a consistent basis. (Id. at 133.) The

ALJ noted that Drs. Roman and Luu considered Plaintiff's limitations and concluded that Plaintiff can work. (Id. at 18-19.) The ALJ properly relied upon the psychological reports, which accounted for these limitations.

Additionally, certain claimed limitations are not supported by the record. For example, the Motion asserts that Plaintiff testified at his hearing that he cannot cook. (Motion at 7.) Plaintiff cites to a Daily Activities Questionnaire completed for the California Department of Social Services. (AR 84-87.) In that document, Plaintiff stated that his grandfather cooks for him, and responded "n/a" when asked how often and what type of foods he cooks; however, this statement conflicts with other information provided by Plaintiff. First, Plaintiff did not testify that he could not cook. Rather, he testified that his grandfather helps him with "*a little bit* of the cooking..." (AR 161)(emphasis added). Also, in a second Daily Activities Questionnaire which asked who prepares his meals, Plaintiff responded, "I do. Microwave only." (AR 79.) A Social Assessment form completed by the North Los Angeles County Regional Center for Developmentally Disabled Persons states that "[Plaintiff] can prepare simple meals on the stove, but he prefers to microwave meals." (AR 98.) Lastly, Dr. Gaines' report states that "[Plaintiff] is reported to care for basic self-help needs... He will care for personal hygiene, dressing, and feeding himself." (Id. at 103.) In his Decision, the ALJ noted that the evidence demonstrates that Plaintiff can cook. (Id. at 19.) The ALJ stated that "The [Plaintiff's] activities of daily living questionnaire states that the claimant can cook with the microwave." (Id.)

In sum, the Court finds that the ALJ properly evaluated the

testimony of both Plaintiff and his grandfather. The ALJ acted appropriately in disregarding those statements that were contradicted by the record. Furthermore, even where testimony regarding Plaintiff's subjective symptoms was not contradicted by the record, the ALJ properly noted that Drs. Roman and Luu considered those limitations in their psychological reports but nevertheless concluded that Plaintiff is capable of working.

## ORDER

**IT IS THEREFORE ORDERED** that (1) Plaintiff's Motion for Summary Judgment is **DENIED**; (2) the Defendant's Cross-Motion for Summary Judgment is **GRANTED**; and (3) Judgment be entered affirming the Decision of the Commissioner of Social Security, and dismissing this action with prejudice.

DATED: August 9, 2005

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JAMES WRIGHT, | ) | No. CV 04-06777-VBK |
| Plaintiff, | ) ) | JUDGMENT |
| v. | ) ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

Pursuant to the Memorandum Opinion and Order of the Court,

**IT IS ADJUDGED** that (1) Plaintiff's Motion for Summary Judgment is **DENIED**, and the Defendant's Cross-Motion for Summary Judgment is **GRANTED**. The Court **FURTHER ORDERS** that Judgment be entered affirming the decision of the Commissioner of Social Security, and dismissing this action with prejudice.

DATED: August 9, 2005

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE